IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN CONSTRUCTION BENEFITS GROUP, LLC, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:12-CV-2726-D |
| VS. | § § | |
| ZURICH AMERICAN INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff American Construction Benefits Group, LLC ("ACBG") against defendant Zurich American Insurance Company ("Zurich") to recover under a claims-made policy and on related extracontractual claims under the Texas Insurance Code, Zurich moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted, and under Rule 12(c) for judgment on the pleadings. For the reasons explained, the court grants Zurich's Rule 12(b)(6) motion, does not reach the Rule 12(c) motion, and grants ACBG leave to replead.

I

Zurich insured ACBG under a claims-made policy (the "Policy") that covered losses incurred by ACBG because of claims made against it for wrongful acts committed by

directors, officers, or employees.[1] The insurance claim at issue relates to a loss that ACBG alleges was incurred because of wrongful acts by ACBG President Steven J. Heussner ("Heussner").

ACBG provided reinsurance to its member company, J.D. Abrams, L.P. ("Abrams"). ACBG obtained this reinsurance from Presidio Excess Insurance Services, Inc. ("Presidio"). During ACBG's policy-renewal negotiations with Presidio, Heussner accepted a coverage exclusion for the cost of a heart transplant operation incurred in the treatment of the child of an Abrams employee. Presidio thus declined to provide reinsurance coverage for the transplant claim. ACBG alleges that Heussner's actions relating to the coverage exclusion, which resulted in ACBG's paying the costs of the heart transplant, constitute a "wrongful act" that is covered under the Policy.

In August 2011 ACBG filed a claim with Zurich for approximately $1.2 million, the amount of the loss incurred in paying the transplant claim. Within a few days, Zurich acknowledged receipt of the claim. ACBG submitted documentation and, over the next few months, attempted to discuss the claim with Zurich. The parties finally spoke for the first time in April 2012. Over the next few months, ACBG periodically inquired about when

---

[1] In deciding Zurich's Rule 12(b)(6) motion, the court construes the amended complaint in the light most favorable to ACBG, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in its favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Zurich would make its coverage decision.  Zurich responded each time that it hoped to have a decision within one week, but it allegedly still has not notified ACBG of its coverage decision.

ACBG now sues Zurich for breach of contract based on its failure to pay the claim. It also alleges that Zurich engaged in unfair settlement practices and other violations of the Texas Insurance Code.[2]  ACBG seeks actual damages for the unpaid claim, and interest, treble damages, and attorney's fees under the Insurance Code.  Zurich moves to dismiss all claims under Rule 12(b)(6), and seeks judgment on the pleadings under Rule 12(c).[3]

II

In deciding Zurich's Rule 12(b)(6) motion, the court evaluates the sufficiency of ACBG's amended complaint by "accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).  To survive Zurich's motion,

---

[2]Specifically, ACBG alleges that Zurich failed to affirm or deny coverage within a reasonable time, *see* Tex. Ins. Code Ann. § 541.060(a)(4)(A) (West 2009); failed to attempt in good faith to effectuate a prompt and equitable settlement, *see* § 541.060(a)(2); and failed to meet deadlines for investigating the claim, *see* § 542.055(a)(2), requesting information, *see* § 542.055(a)(3), providing a written acceptance or rejection, *see* § 542.056, and paying the claim, *see* § 542.058.

[3]The court declines to reach Zurich's Rule 12(c) motion because Zurich has not filed its answer and the pleadings are not closed.  *See* Rule 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.").

ACBG must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

The court first considers whether ACBG has stated a breach of contract claim on which relief can be granted.

ACBG alleges that Zurich breached "Insuring Clause D" of the Policy. This provision states that "[Zurich] shall pay on behalf of [ACBG] all Loss for which [ACBG] becomes

- 4 -

legally obligated to pay on account of any Claim first made against [ACBG] during the Policy Period . . . for a Wrongful Act taking place before or during the Policy Period." Am. Compl. Exh. A at [16][4] (emphasis omitted). ACBG maintains that this provision covers the loss it incurred in paying the Abrams transplant claim, because the loss resulted from Heussner's wrongful acts. The court disagrees.[5]

As applicable here, the Policy defines "wrongful act" as "any error, misstatement, misleading statement, act, omission, neglect, or breach of duty actually or allegedly committed or attempted [by any director, officer, or employee]." *Id.* at [5]; *see also id.* at [6]. But Abrams' claim against ACBG was not a claim for a wrongful act committed by Heussner. Abrams sought coverage under its reinsurance contract with ACBG regardless of Heussner's actions. ACBG's notice of potential loss to Zurich, which is attached to the amended complaint, states, in pertinent part: "The insurance policy between ACBG and Abrams[] states that ACBG will provide 'coverage' and not that it would only provide

---

[4]The court has editorially supplied sequential pagination for the pages of the exhibits attached to ACBG's amended complaint. Neither the Federal Rules of Civil Procedure nor this court's local civil rules require that the pages of such exhibits be paginated.

[5]In interpreting the Policy, the court applies Texas law. Texas courts interpret insurance policies according to the rules of contract interpretation. *Vought Aircraft Indus., Inc. v. Falvey Cargo Underwriting, LTD.*, 729 F.Supp.2d 814, 823 (N.D. Tex. 2010) (Fitzwater, C.J.) (citing *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994)). "When a contract is worded so that it can be given a definite meaning, it is unambiguous and a judge must construe it as a matter of law." *Id.* (quoting *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 291 (5th Cir. 2005)) (internal quotation marks omitted). "In applying these rules, a court's primary concern is to ascertain the parties' intent as expressed in the language of the policy." *Id.* (quoting *Int'l Ins.*, 426 F.3d at 291) (internal quotation marks omitted).

coverage to the extent there was available 'reinsurance' [for ACBG]." Am. Compl. Exh. B at [4] (bracketed material added). The letter also states that, "under the ACBG policy issued to Abrams, ACBG is obligated to assume the gap in coverage from Heussner's failure to obtain [Presidio's] funding for the cost of the Abrams Transplant Claim." *Id.* Although Heussner's actions may have caused the loss incurred by ACBG, Abrams' claim against ACBG was not for these actions.

The amended complaint alleges only that Heussner committed wrongful acts that resulted in a loss to ACBG. But as Zurich points out in its motion to dismiss, "ACBG is attempting to transform its D&O *liability* policy into a first-party policy to provide coverage for its own loss." D Br. 1 (emphasis in original). As pleaded, ACBG is not alleging that Abrams made a claim against ACBG for injury caused by Heussner's wrongful act. Instead, ACBG is alleging that *it* was injured because Heussner committed a wrongful act that left it without reinsurance from Presidio to cover Abrams' claim for the expenses of the transplant.

Because ACBG's amended complaint fails to allege that Abrams made a claim against ACBG for a wrongful act of a director, officer, or employee of ACBG, it fails to state a plausible claim for breach of contract.

IV

The court next addresses ACBG's claims under the Texas Insurance Code.

A

The court's dismissal of ACBG's breach of contract claim forecloses liability under § 542 of the Texas Insurance Code. *See* Tex. Ins. Code § 542.060(a) (West 2009) (prescribing liability for violations of § 542 "[i]f an insurer [] is liable for a claim under an insurance policy"); *see also Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) (per curiam) (holding, under pre-codified version of § 542, that "[t]here can be no liability . . . if the insurance claim is not covered by the policy").

B

The court similarly dismisses ACBG's claim under § 541.060(a)(2), which prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement," because claims of bad faith are generally negated by the determination that there was no coverage. *See Boyd*, 177 S.W.3d at 922; *see also In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d 429, 438 (Tex. App. 2012, no pet.) ("[A]n insurer generally cannot be liable on bad faith claims arising from its denial or failure to investigate claims that it has no duty to pay."). Furthermore, ACBG alleges no injury independent of its policy claim.[6] Accordingly,

---

[6]In *Nunn v. State Farm Mutual Automobile Insurance Co.*, 729 F.Supp.2d 801, 806 (N.D. Tex. 2010) (Fitzwater, C.J.), the court quoted *Republic Insurance Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995), and noted a possible exception when an insurer commits an "extreme" act that "cause[s] injury independent of the policy claim." In *Mid-Continent Casualty Co. v. Eland Energy Co.*, 795 F.Supp.2d 493, 513 n.14 (N.D. Tex. 2011) (Fitzwater, C.J.), *aff'd*, 709 F.3d 515 (5th Cir. 2013), however, the court stated that *Nunn* only

the court dismisses ACBG's § 541.060(a)(2) claim.

C

Assuming, without deciding, that ACBG's allegation under § 541.060(a)(4)(A) that Zurich failed to affirm or deny coverage within a reasonable time remains viable even when the insurer faces no liability under a policy,[7] ACBG has still failed to plead a plausible claim. To establish a violation of § 541.060, the plaintiff must show that it sustained actual damages.  *See* § 541.151 ("A person who sustains actual damages may bring an action[.]"); *Tex. Farm Bureau Mut. Ins. Co. v. Wilde*, 385 S.W.3d 733, 738 (Tex. App. 2012, no pet.) ("[T]he Texas Insurance Code permits a person who sustains actual damages to bring a private action for damages against a person engaging in . . . an unfair or deceptive act or practice . . . under Section 541.060[.]").  The only actual damages that ACBG alleges in the amended complaint are damages for breach of contract, a claim that the court is dismissing. Therefore, without alleging that it sustained actual damages beyond the amount of a breach of contract claim on which it is not entitled to recover, ACBG has failed to plead a plausible claim under § 541.060(a)(4)(A).

---

mentioned—but did not apply—this language from *Stoker*, and that *Nunn* involved the handling of a first-party claim, not, as was at issue in *Mid-Continent*, the handling of third-party claims.

[7]According to the amended complaint, Zurich still has not denied ACBG's claim despite repeated requests for a coverage decision over a span of months.

V

Although the court is dismissing ACBG's claims, it will grant ACBG leave to replead. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Because ACBG has not stated that it cannot, or is unwilling to, cure the defects that the court has identified, the court grants it 30 days from the date this memorandum opinion and order is filed to file a second amended complaint.

\* \* \*

For the reasons set out, the court grants defendant's motion to dismiss under Rule 12(b)(6), does not reach the motion for judgment on the pleadings under Rule 12(c), and grants ACBG leave to replead.

**SO ORDERED.**

April 29, 2013.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　SIDNEY A. FITZWATER
　　　　　　　　　　　　　　　　CHIEF JUDGE