IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN CONSTRUCTION BENEFITS GROUP, LLC, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:12-CV-2726-D |
| VS. | § § | |
| ZURICH AMERICAN INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff American Construction Benefits Group, LLC ("ACBG") against defendant Zurich American Insurance Company ("Zurich") to recover under a claims-made policy and on related extracontractual claims under the Texas Insurance Code, Zurich moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons explained, the court grants Zurich's motions and grants ACBG leave to replead.

I

Because the background facts are set out in a prior memorandum opinion and order, *see American Construction Benefits Group, LLC v. Zurich American Insurance Co.*, 2013 WL 1797942, at *1 (N.D. Tex. Apr. 29, 2013) (Fitzwater, C.J.) ("*ACBG I*"), the court will recount only the background facts and procedural history necessary to understand the present decision.

Zurich insured ACBG under a claims-made policy (the "Policy") that covered losses incurred by ACBG because of claims made against it for wrongful acts committed by directors, officers, or employees.[1] The insurance claim at issue relates to a loss that ACBG alleges it incurred because of wrongful acts by its President, Steven J. Heussner ("Heussner").

ACBG provided reinsurance to its member company, J.D. Abrams, L.P. ("Abrams"). ACBG obtained this reinsurance from Presidio Excess Insurance Services, Inc. ("Presidio"). During ACBG's policy-renewal negotiations with Presidio, Heussner accepted a coverage exclusion for the cost of a heart transplant operation incurred in the treatment of the child of an Abrams employee. Presidio in turn declined to provide reinsurance coverage for the transplant claim. ACBG alleges that Heussner's actions relating to the coverage exclusion, which resulted in ACBG's paying the costs of the heart transplant, constitute a "wrongful act" that is covered under the Policy.

In August 2011 ACBG filed a claim with Zurich for approximately $1.2 million, the amount of a loss incurred in paying the transplant claim. Within a few days, Zurich acknowledged receipt of the claim. Since that time, Zurich has allegedly stalled claims

---

[1] In deciding Zurich's Rule 12(b)(6) motion, the court construes the amended complaint in the light most favorable to ACBG, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in its favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

negotiations with ACBG and has not notified ACBG of its coverage decision. Although ACBG's members have not initiated a derivative suit, ACBG posits in response to Zurich's motion to dismiss that they will soon file a derivative action against ACBG's directors.

ACBG now seeks a declaratory judgment that Zurich is obligated under the Policy to defend and indemnify ACBG in the forthcoming derivative suit by ACBG's members. ACBG also alleges that Zurich is liable for violating Tex. Ins. Code Ann. § 541.060(a).

II

Standing is an issue of subject matter jurisdiction and can be contested by a Rule 12(b)(1) motion to dismiss. *See Hunter v. Branch Banking & Trust Co.*, 2013 WL 607151, at *1 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (quoting *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006)). A Rule 12(b)(1) motion can mount either a facial or factual challenge. *See id.* at *2 (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). When a party makes a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial. *Id.* The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion." *Id.* at *2 (citation omitted) (citing *Paterson*, 644 F.2d at 523).

To survive a motion to dismiss under Rule 12(b)(6), plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

The court first considers whether ACBG has standing under Article III to seek a declaratory judgment regarding Zurich's duty to defend and indemnify ACBG in an allegedly imminent, but still-unfiled derivative suit by ACBG's members.

A

Under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, a federal court has the competence, but not the duty, to declare rights. *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962) (collecting cases). "Declaratory judgments are typically

sought before a completed 'injury-in-fact' has occurred but still must be limited to the resolution of an 'actual controversy.'" *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000) (citation omitted). The ripeness doctrine, which is based on the actual controversy requirement, is designed to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). In determining whether a case is ripe, "[t]he key considerations are the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir.1987)).

B

ACBG seeks a declaratory judgment that Zurich has a duty to defend and indemnify ACBG in a still-unfiled derivative suit to be initiated by ACBG's members. Zurich contends that ACBG's declaratory judgment claim is not ripe because, under Texas law,[2] Zurich's alleged duties to defend and indemnify depend on the existence of an action by third-parties. The court agrees with Zurich that ACBG's request for declaratory relief concerning Zurich's alleged duty to defend is not ripe for review.

---

[2]Because neither party asserts that another state's law controls, the court applies the substantive law of Texas in deciding this motion. *See Flagship Credit Corp. v. Indian Harbor Ins. Co.*, 481 Fed. Appx. 907, 910 (5th Cir. 2012) (per curiam) (holding that federal court exercising diversity jurisdiction in Texas applies presumption that Texas law controls until party asserts and demonstrates conflict of law that affects outcome).

Texas follows the eight-corners rule to determine whether an insurer owes a duty to defend. *See, e.g., Colony Ins. Co. v. Price*, 2013 WL 1155422, at *2 (N.D. Tex. Mar. 21, 2013) (Fitzwater, C.J.); *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006).

> Under the eight-corners rule, two documents determine an insurer's duty to defend—the insurance policy and the third-party plaintiff's pleadings in the underlying litigation. If the underlying pleadings allege facts that may fall within the scope of coverage, the insurer has a duty to defend; if the pleading only alleges facts excluded by the policy, there is no duty to defend.

*ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 840 (5th Cir. 2012) (citation, alterations, and internal quotation marks omitted). "Because the only two documents relevant to the duty-to-defend inquiry are the insurance policy and the petition, an insurer's duty to defend can be determined *at the moment the petition is filed*." *Id.* (emphasis added). Accordingly, the court must decide whether it can determine Zurich's duty to defend before the members' derivative action has been filed. The court holds that it cannot because, without an underlying lawsuit, there is no third-party pleading on which the court can predicate its judgment.

Texas cases addressing the insurer's duty to defend assume that a third-party lawsuit exists and is a part of the record. *See, e.g., Ooida Risk Retention Grp., Inc. v. Williams*, 579 F.3d 469, 476 (5th Cir. 2009) (holding that even if exception to the eight-corners rule existed, exception would apply only when "the pleadings do not contain the facts necessary to resolve the question"); *GuideOne*, 197 S.W.3d at 308 ("[A]n insurer's duty to defend is determined

- 6 -

by the third-party plaintiff's pleadings, considered in light of the policy provisions[.]"). This makes sense because, if the record does not contain the third-party pleading, the court lacks one of the two necessary components for applying the eight-corners rule (i.e., at least four of the eight corners). Because the members have not yet filed the underlying derivative action, the court cannot apply the eight-corners rule to decide whether Zurich has a duty to defend ACBG.

The court also agrees with Zurich that ACBG's claim that Zurich has a duty to indemnify ACBG is not ripe. Generally, "[a] suit for indemnity does not arise until some liability is established and made fixed and certain. This does not occur until judgment is rendered or until the lawsuit is settled." *In re State Line Fireworks, Inc.*, 387 S.W.3d 27, 32 (Tex. App. 2012, no pet.) (quoting *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 208 (Tex. 1999)) (citation and internal quotation marks omitted). Once liability has been established, the "duty to indemnify is determined based on the facts actually established in the underlying suit." *Burlington N. & Santa Fe Ry. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 334 S.W.3d 217, 219 (Tex. 2011). Texas recognizes that an insurer can obtain a declaration regarding the duty to indemnify "when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (emphasis omitted); *see also Nat'l Am. Ins. Co. v. Breaux*, 368 F.Supp.2d 604, 620 (E.D. Tex. 2005) ("[I]t is now settled in Texas that a justiciable controversy exists such that an insurer's duty to indemnify an insured may be determined

before a judgment is obtained in the underlying lawsuit.").

ACBG seeks a declaration regarding Zurich's duty to indemnify it in a still-unfiled derivative suit brought by ACBG's members. As with the duty to defend, Texas cases addressing the insurer's duty to indemnify assume that an underlying action has commenced. *See, e.g., D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 745 (Tex. 2009) (contemplating indemnity suit before judgment but not before dispute initiated); *Griffin*, 955 S.W.2d at 84 (same). This makes sense because the facts determined in the underlying action form the basis for a ruling on the duty to indemnify. There is an exception to this rule when the underlying dispute is settled before factfinding is concluded, *see D.R. Horton*, 300 S.W.3d at 744, but this exception cannot apply here because the underlying case has never been filed and therefore has not been settled. And as for the availability of a declaratory judgment where the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify, this exception requires that the court be able to conclude that Zurich has no duty to defend, which it cannot because that claim is not ripe.

C

ACBG's requests for declaratory relief regarding the duty to defend and to indemnify are not ripe for the separate reason that ACBG has not alleged any hardship that will result should this court withhold consideration of the dispute. This result is required even if no further factual development were required. *See Choice*, 691 F.3d at 715 (stating that even where case requires no further factual development, plaintiff must still show hardship to

establish ripeness). ACBG cites several decisions in which federal courts have held that cases were ripe for determining prospective insurance obligations. But in those cases, the alleged indemnitee generally "face[d] a choice of either making . . . a contribution [to a settlement amount] despite the conclusion that it [did] not owe any duty to indemnify, or refusing to contribute and thus potentially becoming subject to a suit for bad faith breach of the [insurance] [p]olicy." *Carolina Cas. Ins. Co. v. Tutle & Tutle Trucking, Inc.*, 2010 WL 1459207, at *1 (N.D. Tex. Apr. 12, 2010) (Fitzwater, C.J.). ACBG also cites decisions holding that cases were ripe even though threatened litigation had not commenced. But in those cases, the would-be defendant had "take[n] some affirmative act that put[] the would-be plaintiff 'to the choice between abandoning [its] rights or *risking* prosecution.'" *Poly-Am., L.P. v. Stego Indus., L.L.C.*, 694 F.Supp.2d 600, 606 (N.D. Tex. 2010) (Fish, J.) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 129 (2007)).

ACBG alleges that its members will soon institute a derivative action. But ACBG's complaint is devoid of any allegation that it will be harmed if this court withholds declaratory relief.[3] Because there is no underlying suit, ACBG faces no immediate risk that it will be forced to contribute to a settlement agreement or face a bad-faith suit. And ACBG does not allege that its members have threatened to sue unless ACBG relinquishes its rights.

Because further fact development is required, and because ACBG has failed to allege

---

[3] ACBG alleges that it has paid $1.2 million, but it is not seeking to recoup *that* loss. Rather, ACBG seeks a declaration regarding damages it may incur as a result of the still-unfiled derivative suit.

- 9 -

hardship, the court holds that ACBG has not met its burden of establishing the existence of an actual case or controversy. The court therefore grants Zurich's Rule 12(b)(1) motion to dismiss ACBG's requests for declaratory relief regarding Zurich's duty to defend and indemnify ACBG.

IV

The parties dispute whether ACBG states a plausible claim for relief under Tex. Ins. Code Ann. § 541.060(a)(4)(A). In its memorandum opinion and order dismissing ACBG's first amended complaint, the court held that ACBG had failed to plead a plausible claim for relief because its only alleged actual damages were caused by a breach of contract, and the court had dismissed the breach of contract claim. *See ACBG I*, 2013 WL 1797942, at *3. In its second amended complaint, ACBG does not allege a breach of contract claim. Rather, it asserts a claim for extracontractual damages under Tex. Ins. Code Ann. § 541.060(a)(4)(A) based on Zurich's alleged failure to affirm or deny coverage.

ACBG fails to state a plausible claim under Tex. Ins. Code Ann. § 541.060(a)(4)(A) for two reasons. First, in the context of a general liability insurance policy, an insurer must decide whether it has a duty to defend under a policy "within a reasonable time *after the filing of a suit*." *Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co.*, 130 S.W.3d 181, 190 (Tex. App. 2003, pet. denied) (emphasis added). An insurer must decide whether it has a duty to indemnify "within a reasonable time *after judgment or settlement*." *Id.* (emphasis added); *see also Columbia Cas. Co. v. Ga. & Fla. RailNet, Inc.*, 542 F.3d 106, 114 (5th Cir. 2008) (emphasis added) (holding that district court did not err by concluding that insurer

- 10 -

responded within reasonable time where insurer denied coverage before suit was filed). ACBG does not allege that Abrams has sued it, that ACBG has concluded a settlement agreement with Abrams, or that ACBG's members have sued it. None of the events giving rise to a duty to defend or indemnify, and on which Zurich might base its decision to affirm or deny coverage, has occurred. Thus ACBG fails to state a plausible claim that Zurich has failed to affirm or deny coverage *within a reasonable time*.[4]

Second, a plaintiff alleging a violation of Tex. Ins. Code Ann. § 541.060(a)(4)(A) must show that it has sustained actual damages. *See* Tex. Ins. Code Ann. § 541.151 ("A person who sustains actual damages may bring an action[.]"); *Minn. Life Ins. Co. v. Vasquez*, 192 S.W.3d 774, 779 (Tex. 2006) (holding that failure to affirm or deny coverage only entitles insured to actual damages); *Tex. Farm Bureau Mut. Ins. Co. v. Wilde*, 385 S.W.3d 733, 738 (Tex. App. 2012, no pet.) ("[T]he Texas Insurance Code permits a person who sustains actual damages to bring a private action for damages against a person engaging in . . . an unfair or deceptive act or practice . . . under Section 541.060[.]"). ACBG asserts the conclusory allegation that it will be injured by its members' still-unfiled derivative lawsuit. Not only does such a conclusory allegation fail to meet ACBG's pleading obligations, but

---

[4]ACBG has attached to its second amended complaint a copy of a notice it sent to Zurich requesting reimbursement, but it has not attached a copy of any demand regarding the allegedly imminent derivative suit. Because ACBG has failed to state a plausible claim that Zurich failed to affirm or deny coverage within a reasonable time, the court need not decide whether ACBG's claim is based on Zurich's alleged failure to affirm or deny coverage for the past $1.2 million payment, or to affirm or deny a duty to defend and indemnify in the still-unfiled derivative lawsuit. *See* 2d Am. Compl. ¶ 69 (alleging that Zurich has not responded to ACBG's claim "for coverage of members/shareholders' claims").

hypothetical damages from future lawsuits are not "actual damages," as defined in Tex. Ins. Code Ann. § 541. *See State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 435 (Tex. 1995) (holding that "actual damages" as used in former Article 21.21, now renumbered as § 541, means "those damages recoverable at common law"). Thus ACBG fails to plausibly allege that it has sustained actual damages.

Because ACBG fails to plausibly allege that Zurich has not affirmed or denied coverage within a reasonable time, and because it has failed to plausibly allege actual damages, the court grants Zurich's Rule 12(b)(6) motion to dismiss ACBG's claim under Tex. Ins. Code Ann. § 541.060(a)(4)(A).

V

Although the court is granting Zurich's motion to dismiss, it will allow ACBG to amend its second amended complaint. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (internal quotation marks and citation omitted). Although the court has already permitted ACBG to amend once, it did not address the merits of ACBG's second amended complaint until this memorandum opinion and order. Accordingly, within 30 days of the date this memorandum opinion and order is filed, ACBG may file a third amended complaint. If the third amended complaint does not state a claim on which relief can be granted, Zurich may move anew to dismiss.

\*   \*   \*

For the reasons explained, the court grants Zurich's motion to dismiss under Rule 12(b)(1) and (6) and grants ACBG leave to replead.

**SO ORDERED**.

January 15, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE